# EXHIBIT "A"

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| LLOYD STALLARD <br><br> vs. <br><br> REDNER'S MARKETS INC | NO. 2024-25231 |

## NOTICE TO DEFEND – CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

LLOYD STALLARD

vs.

REDNER'S MARKETS INC

NO. 2024-25231

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: MINOS HENRY GALANOS, Esq., ID: 306559

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**   [ ] Yes   [X] No

**MDJ Appeal**   [ ] Yes   [X] No

**Money Damages Requested** [X]

**Commencement of Action:**
Complaint

**Amount in Controversy:**
More than $50,000

## Case Type and Code

Tort: _____

Premises Liability

Other: _____

Case# 2024-25231-0 Docketed at Montgomery County Prothonotary on 11/04/2024 10:02 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

RECV'D MCSO MONTCO, PA 2024 NOV 13 P 3:29

Case# 2024-25231-0 Docketed at Montgomery County Prothonotary on 11/04/2024 10:02 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

LUNDY LAW, LLP
BY: MINOS H. GALANOS, ESQUIRE
IDENTIFICATION NO. 306559
SUITE 2400
1818 MARKET STREET
PHILADELPHIA, PA. 19103-2297
215-246-9243
mgalanos@lundylaw.com

**ATTORNEY FOR: PLAINTIFFS**

**ASSESSMENT OF DAMAGES HEARING:**

[ X ] IS    [ ] IS NOT REQUIRED
[ X ] Jury    [ ] Non-Jury    [ ] Arbitration

Lloyd Stallard
7 Wilton Ave.
Wayne, NJ 07470

Doreen Stallard
7 Wilton Ave.
Wayne, NJ 07470

                                Plaintiffs

v.

Redner's Markets, Inc.
201 Second Avenue
Collegeville, PA 19426

Redner's Quick Shoppe
8381 Allentown, Pl.
Fleetwood, PA 19522

                                Defendants

*COURT OF COMMON PLEAS*

*MONTGOMERY COUNTY*

Trial Division

TERM

No

NOTICE TO DEFEND
PL 2S

REC'D MCSO MONTCO, PA
2024 NOV 13  P 3:29

Case# 2024-25231-0 Docketed at Montgomery County Prothonotary on 11/04/2024 10:02 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| NOTICE | AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| **LAWYER REFERRAL SERVICE**<br>100 W Airy St.<br>Norristown, PA 19401<br>(610) 279-9660 | **LAWYER REFERRAL SERVICE**<br>100 W Airy St.<br>Norristown, PA 19401<br>(610) 279-9660 |

Case# 2024-25231-0 Docketed at Montgomery County Prothonotary on 11/04/2024 10:02 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

LUNDY LAW, LLP — Attorney for Plaintiffs
By: Minos Galanos, Esq.
Identification No.: 306559
1818 Market Street, Suite 2400
Philadelphia, PA 19103-3659
(215) 246-9243
mgalanos@lundylaw.com

| | |
|---|---|
| Lloyd Stallard<br>7 Wilton Ave.<br>Wayne, NJ 07470<br><br>Doreen Stallard<br>7 Wilton Ave.<br>Wayne, NJ 07470<br>        Plaintiffs<br><br>v.<br><br>Redner's Markets, Inc.<br>201 Second Avenue<br>Collegeville, PA 19426<br><br>Redner's Quick Shoppe<br>8381 Allentown, Pl.<br>Fleetwood, PA 19522<br><br>        Defendants | COURT OF COMMON PLEAS<br><br>MONTGOMERY COUNTY,<br>PENNSYLVANIA<br><br>NO. _____ |

## COMPLAINT

1. Plaintiff, Lloyd Stallard, is an adult individual who resides at address noted in the caption.

2. Plaintiff, Doreen Stallard, is an adult individual who resides at address noted in the caption.

3. Defendant, Redner's Markets, Inc. (hereinafter Defendant RM), is a domestic corporation with a place of business located at the address noted in the caption that regularly

conducts business in Montgomery County, Pennsylvania.

4. Defendant, Redner's Quick Shoppe (hereinafter Defendant RQS), is a domestic corporation with a place of business located at the address noted in the caption that regularly conducts business in Montgomery County, Pennsylvania.

5. At all times relevant hereto, Defendants owned, operated, leased, maintained, managed, supervised, possessed, and controlled the Redner's Quick Shoppe located at 8381 Allentown Pl., Fleetwood, Pennsylvania ("the premises").

6. At all times relevant hereto, there was a dangerous and/or hazardous condition in the nature of a defective ramp and pedestrian walkway on the premises.

7. At all times relevant hereto, Defendants were enshrined with the duty to keep the premises free and clear of dangerous conditions.

8. At all times relevant hereto, Defendants were aware that this dangerous condition was a fall down hazard.

9. At all times material hereto, Defendants acted and/or failed to act by and through its respective agents, servants, workmen, and/or employees.

10. On July 8, 2024, at approximately 11:30 a.m., Plaintiff, Lloyd Stallard, was an invitee on Defendants' premises when he was caused to fall due to a defective ramp and pedestrian walking surface and he sustained personal injuries more fully set forth at length below.

11. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff, Lloyd Stallard, has suffered severe and permanent injuries to his body which include, but are not limited to, a shattered left femur and dislocation, torn right meniscus and ruptured quadriceps tendon that required surgery on both legs.

12. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff, Lloyd Stallard, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known.

13. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff, Lloyd Stallard, sustained an aggravation and/or exacerbation of injuries both known and unknown. He has in the past and will in the future undergo severe pain and is unable to attend to his usual duties and occupation, all to her great financial detriment and loss.

14. As a direct and proximate result of the negligence of Defendants, Plaintiff, Lloyd Stallard, has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

15. As a direct and proximate result of the negligence of Defendants, Plaintiff, Lloyd Stallard, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

16. As a direct and proximate result of the negligence of Defendants, Plaintiff, Lloyd Stallard, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

### COUNT I - NEGLIGENCE

#### Plaintiff, Lloyd Stallard v. Defendant, Redner's Markets, Inc.

17. Plaintiff, Lloyd Stallard, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

18. The aforesaid act was caused as a direct and proximate result of the carelessness

and negligence of Defendant by and through its agents, servants, workmen, and/or employees and consisted of the following:

a. failing to warn and/or adequately warn individuals of said dangerous, defective, and hazardous condition on the premises;

b. causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which Defendant knew or should have known caused an unreasonable risk of harm to business invitees;

c. failing to properly and adequately maintain the premises so as to prevent the dangerous and hazardous condition to exist;

d. failing to protect the safety of invitees as it relates to the above acts of negligence;

e. causing, allowing and/or permitting the dangerous condition on the premises, so as to constitute a menace, danger, nuisance and trap to invitees on the subject premises;

f. failing to properly perform its statutory, common law, industry standard and ordinance duties as it relates to the above acts of negligence.

g. violation of the Americans with Disabilities Act with regard to accessible design standards;

h. violation of ASTM F1637 – Standard Practice for Safe Walking Surfaces;

i. violation of PennDOT Americans with Disabilities Act curb ramp design guidance; and

j. violation of PennDOT Construction Standards Publication 72M.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendants, individually, jointly, and/or severally in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees, for damages and compensation for medical expenses, future medical expenses, lost wages, future loss of earnings, emotional distress, pain and suffering,

loss of consortium and all other relief allowed by law.

## COUNT II - NEGLIGENCE

### Plaintiff, Lloyd Stallard v. Defendant, Redner's Quick Shoppe

1. Plaintiff, Lloyd Stallard, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

2. The aforesaid act was caused as a direct and proximate result of the carelessness and negligence of Defendant by and through its agents, servants, workmen, and/or employees and consisted of the following:

   a. failing to warn and/or adequately warn individuals of said dangerous, defective, and hazardous condition on the premises;

   b. causing and/or permitting a dangerous and hazardous condition to exist without any warning signs, which Defendant knew or should have known caused an unreasonable risk of harm to business invitees;

   c. failing to properly and adequately maintain the premises so as to prevent the dangerous and hazardous condition to exist;

   d. failing to protect the safety of invitees as it relates to the above acts of negligence;

   e. causing, allowing and/or permitting the dangerous condition on the premises, so as to constitute a menace, danger, nuisance and trap to invitees on the subject premises;

   f. failing to properly perform its statutory, common law, industry standard and ordinance duties as it relates to the above acts of negligence.

   g. violation of the Americans with Disabilities Act with regard to accessible design standards;

   h. violation of ASTM F1637 – Standard Practice for Safe Walking Surfaces;

      i.      violation of PennDOT Americans with Disabilities Act curb ramp design guidance; and

      j.      violation of PennDOT Construction Standards Publication 72M.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendants, individually, jointly, and/or severally in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees, for damages and compensation for medical expenses, future medical expenses, lost wages, future loss of earnings, emotional distress, pain and suffering, loss of consortium and all other relief allowed by law.

## COUNT III - CONSORTIUM

### Plaintiff, Doreen Stallard v. Defendant, Redner's Markets, Inc. and Redner's Quick Shoppe

3.      Plaintiff, Doreen Stallard, incorporates herein by reference the allegations contained in the above paragraphs as though the same was herein set forth at length.

4.      As a direct and proximate result of the negligence of the Defendants, the Plaintiffs have suffered an injury to their marital relationship in that the Plaintiff, Doreen Stallard, has been denied the comfort, society, and consortium of the Plaintiff, Lloyd Stallard, her husband.

5.      As a direct and proximate result of the negligence of the Defendants, Plaintiff Doreen Stallard has incurred, and will continue to incur, costs and expenses related to Plaintiff Lloyd Stallard's care continuing into the future.

6.      As a direct and proximate result of the negligence of the Defendants, Plaintiff Doreen Stallard has suffered from mental anguish and distress due to the injuries sustained by her husband, Plaintiff, Lloyd Stallard.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendants, individually, jointly, and/or severally in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest, attorney's fees, for damages and compensation for medical expenses,

Case# 2024-25231-0 Docketed at Montgomery County Prothonotary on 11/04/2024 10:02 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2024-25231-0 Docketed at Montgomery County Prothonotary on 11/04/2024 10:02 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

future medical expenses, lost wages, future loss of earnings, emotional distress, pain and suffering, loss of consortium and all other relief allowed by law.

                                          LUNDY LAW, LLP

Date:  November 1, 2024         BY: _____

                                              Minos Galanos, Esquire
                                              Attorney for Plaintiffs,
                                              Lloyd Stallard and Doreen Stallard

Case# 2024-25231-0 Docketed at Montgomery County Prothonotary on 11/04/2024 10:02 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

I, LLOYD STALLARD, hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION AMENDED COMPLAINT are true and correct to the best of my knowledge, information and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____

DATE: 11/01/2024

## **VERIFICATION**

I, DOREEN STALLARD, hereby state that I am the Plaintiff in the within action and that the facts set forth in this CIVIL ACTION AMENDED COMPLAINT are true and correct to the best of my knowledge, information and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.



DATE: 11/01/2024