**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LLOYD STALLARD, DOREEN STALLARD | : |
| Plaintiffs, | : CIVIL ACTION |
| vs. | : NO. 5:24-cv-06647 |
| REDNER'S MARKETS, INC., REDNER'S QUICK SHOPPE | : JURY TRIAL DEMANDED |
| Defendants. | : |

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

## I.   INTRODUCTION

Plaintiffs' Motion to Remand not only conflates elementary concepts of subject matter jurisdiction with personal jurisdiction, but also misunderstands the forum defendant rule. This Court has original subject matter jurisdiction, as Plaintiffs and Redner's are completely diverse, and the amount in controversy exclusive of interest and costs exceeds $75,000. The forum defendant rule, which bars removal based *solely* on diversity jurisdiction when a defendant joined and served in a case is a citizen of the forum state, is procedural and does not divest the Court of original subject matter jurisdiction. This point, however, is moot, as Redner's removed this case based on federal question jurisdiction. Redner's supplemented its Notice of Removal with confirmation that diversity jurisdiction also exists, thereby conferring additional grounds for original jurisdiction to this Court. Plaintiffs' attempts at post-removal dismissal of their claims under the Americans with Disabilities Act ("ADA") cannot manufacture grounds to remand. Therefore, this Court should deny Plaintiffs' Motion.

## II.     BACKGROUND

Plaintiffs, Lloyd Stallard and Doreen Stallard, claim Lloyd Stallard was injured when he fell at a Redner's Quick Shoppe at 8381 Allentown Pl., Fleetwood, Pennsylvania.[1] On November 18, 2024, Plaintiffs filed a Complaint in the Common Pleas of Montgomery County against Redner's. A copy of Plaintiff's Complaint is attached as **Exhibit "A"**. Redner's was served with the Complaint on November 22 and 25, 2024. Copies of the Sherriff's Return of Service for both entities are attached collectively as **Exhibit "B"**.

In their Complaint, Plaintiffs allege that Redner's was negligent in allegedly not providing a safe premises for Lloyd Staller. In addition, Plaintiffs allege that Redner's violated the ADA regarding both "accessible design standards" and its "curb ramp design guidance." (*See* Ex. A. ¶¶ 18(g), 2 [sic] (g) and (i).)

On December 12, 2024, Redner's timely removed the case to this Court, invoking federal question and diversity subject matter jurisdiction. (*See* ECF 1.) Plaintiffs are residents and citizens of New Jersey. (*See* ECF 1, at 6, ¶ 23.) Redner's is a Pennsylvania citizen, because it is a Pennsylvania corporation with its principal place of business in Pennsylvania. (*See id.* at 6, ¶ 25.) After Redner's effected removal, Plaintiffs certified that the amount in controversy exceeds $150,000, this Court's limit for compulsory arbitration. (ECF 4.) On January 9, 2025, Plaintiffs moved to remand. (ECF 5.) In their Motion, Plaintiffs claim that Redner's could not remove the case because it is "subject to personal jurisdiction" in Pennsylvania, and the Court would not have "subject matter jurisdiction" were Plaintiffs to remove their allegations regarding the ADA. (ECF 5, at 4, ¶ 15, 5, ¶ 18.) Indeed, in a peculiar move, Plaintiffs allegedly intend to amend their

---

[1] This is the address as pleaded in the Complaint. The correct address where Mr. Stallard allegedly fell is 8381 Allentown Pike, Reading, Pennsylvania, 19605.

Complaint to remove the ADA claims *only* if this Court grants their Motion to Remand. (ECF 5, at 4, ¶ 15.)

### III.   LEGAL STANDARD

Personal jurisdiction and subject matter jurisdiction are distinct concepts. Just because a court has personal jurisdiction does not mean that it has subject matter jurisdiction, and vice versa. Redner's does not dispute that this Court has personal jurisdiction over it. As such, Plaintiff's reference to personal jurisdiction is irrelevant.

Regarding removal, generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." 28 U.S.C. § 1441(a). Once a case is removed, it may be remanded only if the court lacks subject matter jurisdiction or removal was procedurally defective. *See* 28 U.S.C. § 1447(c); *see also Quackenbush v. Allstate Ins.*, 517 U.S. 706, 716 (1996) (recognizing federal courts' "virtual unflagging obligation" to exercise the jurisdiction conferred upon them by Congress). Procedural defects are waivable, and a motion to remand for a procedural defect must be made "within 30 days after the filing of the notice of removal." *Id.*

Indeed, if a case is removable because of federal question *and* diversity jurisdiction, the forum defendant rule does not bar removal, as the forum defendant rule is *procedural*—not jurisdictional. *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). Because the propriety of removal is determined by looking to the plaintiff's complaint at the time of removal, a plaintiff cannot invoke the forum defendant rule to seek a remand by amending the complaint to remove the federal claims if the district court has independent original jurisdiction over the state-law claims. *See Hairston v. Sun Belt Conf.*, No. 21-2088, 2021 WL 1486018, 2022 U.S. Dist. LEXIS 85016, at *14-15 (E.D. La. May 10, 2022). Plaintiffs' proposed amendment to

the Complaint will not make remanding the case appropriate, nor will their attempt to remand based on the forum defendant rule, which is, in the instant case, a non-existent procedural defect.

## IV. ARGUMENT

The Court properly has federal question jurisdiction, even were Plaintiffs to amend their Complaint to remove the ADA claims because subject matter jurisdiction is considered at the time removal is sought. Further, the Court properly has diversity jurisdiction, even without the ADA claims. And because Redner's did not remove this case based solely on diversity jurisdiction, the forum defendant rule does not apply to permit remand. Plaintiffs conflate diversity jurisdiction, personal jurisdiction, and the forum defendant rule. For the reasons that follow, the Court should deny Plaintiffs' Motion to Remand.

### A. Plaintiff's Motion is premature.

To begin with, Plaintiffs appear to concede that their current Complaint raises claims under federal law. (*See* ECF 5, at 4 ¶ 14 (noting Plaintiffs will attempt to remove "any issues of [f]ederal [q]uestion" from their Complaint).) Yet, Plaintiffs claim that, if the Court grants their Motion, *then* they will amend their Complaint in state court. Plaintiffs put the cart before the horse- they should first seek leave to amend the Complaint. Were the Court to remand, it would lose power to permit amendment of the Complaint. In any event, Plaintiffs are incorrect in claiming that a post-removal excising of their federal-question-triggering claims would permit remand, thereby making that portion of their Motion moot.

**B. The Court has subject matter jurisdiction over this matter, via both federal question and diversity jurisdiction, and it had such jurisdiction at the time of removal.**

This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331. Federal district courts have subject matter jurisdiction over ADA claims.[2] *See, e.g.*, *Wilkins v. Starbucks Corp.*, No. 24-1840, 2024 U.S. Dist. LEXIS 200685, at *2-3 (E.D. Pa. Sept. 6, 2024) (denying motion to dismiss in case removed to this Court under Title III of the ADA). Though the claims in Plaintiffs' Complaint ultimately sound in negligence, they still arise, in part, under federal law because they implicate Redner's alleged non-compliance with the ADA. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (stating the test for when a state-law claim nevertheless arises under federal law). To prove the allegations in their Complaint, Plaintiffs would need to show that Redner's violated the ADA and its regulations regarding access to public accommodations. Redner's, in turn, would need to rely on federal law to show that the store where Lloyd Staller's fall occurred complied with the ADA and related standards. *See, e.g.*, 28 C.F.R. § 36.304(b)(2) (requiring places of public accommodation to make curb cuts in sidewalks and entrances). And although Plaintiffs primarily seek money damages, they also seek attorneys' fees, which is an allowable remedy for a successful private plaintiff suing under ADA Title III, *see* 42 U.S.C. §§ 12188(a), 2000a-3(b), but *not* for a claim of negligence under Pennsylvania law. Plaintiffs also request "all other relief allowed by law," which would include the injunctive relief permitted under Title III. *See id.*

Further, this Court plainly also has subject matter jurisdiction under 28 U.S.C. § 1332(a). Redner's is a Pennsylvania citizen, Plaintiffs are New Jersey citizens, and the amount in controversy exclusive of interest and costs exceeds $75,000.00. (*See* Ex. A ¶¶ 1-4; *see also* ECF 4.)

---

[2] Though the Complaint is silent, Plaintiffs' claims presumably arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, which prohibits discrimination in places of public accommodation, like Redner's.

The gravamen of Plaintiffs' Motion to Remand is that, if they amend their Complaint to remove reference to the ADA, this Court no longer has jurisdiction over the case, and that even if this Honorable Court still had jurisdiction, it would improper under the forum defendant rule (28 U.S.C. § 1441(b)(2)). (*See* ECF 5.) As noted above, Plaintiffs conflate diversity jurisdiction, personal jurisdiction, and the forum defendant rule.

### C. Because Redner's did not remove this case "solely" based on diversity jurisdiction, the forum defendant rule does not apply.

The forum defendant rule bars defendants who are joined, served, and citizens of the forum state from removing a mine run civil action solely based on diversity jurisdiction:

> A civil action otherwise removable *solely* on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). Congress amended the forum defendant rule in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 759.[3] The amendment makes clear that the forum defendant rule applies *only* to cases removed *solely* on diversity jurisdiction. *See Atl. Coast Marine Grp., Inc. v. Willis*, 210 F. Supp. 3d 807, 810-11 (E.D.N.C. 2016) (emphasis added). "By the statute's plain language, if an action is not removable *solely* because of diversity jurisdiction pursuant to Section 1332(a), then the forum-defendant rule does not apply." *Kindred Hosps. E., LLC v. Local 464A United Food & Commer. Workers Union Welfare Serv. Ben. Fund*, No. 21-10659, 2021 WL 4452495, 2021 U.S. Dist.

---

[3] Before 2011, the forum defendant rule provided:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United states shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

LEXIS 186755, *9 (D.N.J. Sept. 21, 2021) (emphasis in original) (denying motion to remand where case was removable based on diversity and federal-question jurisdiction).

At least one other district court has reached the same conclusion as *Kindred Hospitals* on analogous facts to this case. In *Hairston*, the plaintiff filed a case in state court, raising state-law employment claims and attaching an EEOC charge to his complaint based on Title VII of the Civil Rights Act of 1964. As in this case, the defendant removed the case on federal question and diversity jurisdiction. *Hairston*, 2022 U.S. Dist. LEXIS 85016 at *4-5. After an initial attempt to remand failed, the plaintiff dropped the Title VII claim and moved to remand again. Even though the plaintiff dismissed the federal claim, the district court found that it had original, diversity jurisdiction. *Id.* at *12. The court also denied remand based on the forum defendant rule, because the defendant had removed the case based on federal question and diversity jurisdiction. *Id.* At *14-15.

Here, Redner's removed this case based on federal question and diversity jurisdiction. The Notice of Removal cites both bases for this Court's jurisdiction. (*See* ECF 1, at 3-8.) The Notice of Removal also explained that the forum defendant rule does not apply. (*See id.* at 8.) This Court's sister court concluded that the forum defendant rule's plain language renders it inapplicable to cases removable independent of diversity jurisdiction. *Kindred Hosps.*, 2021 U.S. Dist. LEXIS 186755, at *9. This Court should join that commonsense, plain-meaning application of the rule.

Plaintiffs cite *Law v. SEPTA*, No. 01-1993, 2001 U.S. Dist. LEXIS 8006 (E.D. Pa. June 18, 2001), but the case does not apply. For starters, *Law* has nothing to do with the forum defendant rule, and it predates the 2011 amendments to the removal statute. Plaintiffs also neglect the key fact in *Law*: the parties were not diverse, so this Court lacked original subject matter jurisdiction over the state-law claims. *See id.* at *3-4. In January 2025, the Supreme Court held that, in a

removal case, if a plaintiff voluntarily dismisses all federal claims after a case post-removal, a federal court may not exercise *supplemental* jurisdiction over the remaining state law claims. *Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677, 2025 U.S. LEXIS 365, at *5-6 (Jan. 15, 2025). But *Royal Canin* does not apply if a federal district court possesses independent, *original* jurisdiction over the state law claims. The supplemental jurisdiction statute at issue in *Royal Canin*, 28 U.S.C. § 1367, applies, by its terms, only to claims over which a district court lacks original jurisdiction.[4]

The Court independently has original diversity jurisdiction over all claims here, regardless of their federal or state nature. "Congress has always given federal courts power to decide 'diversity' cases, between 'citizens of different States' whose dispute involves more than a stated sum (the so-called amount-in-controversy)." *Royal Canin*, 2025 U.S. LEXIS 365, at *6 (citing 28 U.S.C. § 1332(a)). Plaintiffs do not dispute that they are diverse from Redner's or that the amount in controversy exceeds the jurisdictional threshold. Thus, the Court plainly has subject matter jurisdiction over Plaintiffs' state-law claims.

Redner's acknowledges that the Court probably would permit Plaintiffs to drop their ADA claims if they properly requested leave to do so. But dropping those claims would not trigger a right to seek remand under the forum defendant rule. The forum defendant rule applies only at the time of *removal*. *See Spencer v. U.S. Dist. Ct.*, 393 F.3d 867, 871 (9th Cir. 2004) (holding that the post-removal joinder of a diverse, forum defendant could not trigger remand under the forum defendant rule) (emphasis added). Moreover, because it is procedural, the forum defendant rule cannot be invoked by post-remand manipulation of claims or parties. *See id.*; *Hairston*, 2022 U.S.

---

[4] To be clear, Redner's does not rely on supplemental jurisdiction, because the Court has original jurisdiction over Plaintiffs' claims. By contrast, in *Royal Canin*, the court lacked diversity jurisdiction over the case, a class action brought by only Missouri plaintiffs against only Missouri defendants. *See Royal Canin*, 75 F. 4th 918, 920 (8th Cir. 2023), *aff'd*, 2025 U.S. LEXIS 365 (Jan. 15, 2025).

Dist. LEXIS 85016, at *15. The case has already been properly removed and this Court has original subject matter jurisdiction. Because the forum defendant rule does not apply, Plaintiffs' Motion to Remand is meritless.

### D. Plaintiff's reliance on *Mallory* is misplaced, and Redner's is a citizen of Pennsylvania for diversity subject matter jurisdiction.

Finally, Plaintiffs' arguments about personal jurisdiction are irrelevant. To begin, Plaintiffs misstate the ruling in *Mallory v. Norfolk Southern Ry.*, 143 S. Ct. 2028 (2023). In that case, a plurality of the Supreme Court ruled that the Due Process Clause does not prohibit Pennsylvania from exercising general personal jurisdiction over *foreign* corporations registered to do business in Pennsylvania. *Id.* at 2045 (plurality opinion) (emphasis added). However, personal jurisdiction over a corporation is a distinct concept from a corporation's citizenship for purposes of diversity—and thus subject matter—jurisdiction. Subject matter jurisdiction is nonwaivable and arises from constitutional and statutory limits on federal courts' power, whereas personal jurisdiction implicates personal liberty interests and the ability of a court to exercise power over an absent or foreign defendant. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Redner's is not an absent or foreign defendant. It is a domestic corporation and does not contest personal jurisdiction. *Mallory* is not applicable to this matter.

Further, *Mallory* was not about subject-matter jurisdiction, or diversity jurisdiction, at all. Rather, a plurality of the Supreme Court ruled that Pennsylvania's long-arm statute (which permits Pennsylvania courts to exercise *personal* jurisdiction over *foreign* businesses) passed constitutional muster under due process. *Mallory*, 143 S. Ct. at 2045 (plurality opinion) (emphasis added).

By contrast, business' citizenship for diversity purposes is determined by the diversity-jurisdiction statute and common law. *See* 28 U.S.C. § 1332(c) Corporations like Redner's are

citizens of their states of incorporation (Pennsylvania) and principal place of business (also Pennsylvania). *See* 28 U.S.C. § 1332(c)(1). Whether Redner's is subject to specific or general *personal* jurisdiction in Pennsylvania is irrelevant to its citizenship for purposes of determining whether this Court has jurisdiction under 23 U.S.C. § 1332(a).

Turning to Plaintiffs' Motion, the forum defendant rule bars removal of solely diversity actions if a defendant "properly joined and served" is a "citizen" of the state. "Citizen" in the removal statute, 28 U.S.C. § 1441(b)(2), mean the same thing as in the diversity jurisdiction statute: 28 U.S.C. § 1332(c) (defining "citizen" for purposes of § 1332 *and* § 1441). Here, the forum defendant rule might bar removal if removal were solely based on Redner's being a citizen of Pennsylvania and Plaintiffs timely raised the forum defendant rule. Per the above, Redner's did not remove this case based solely on diversity jurisdiction.

Plaintiff's Motion, again, conflates personal jurisdiction, subject matter jurisdiction, and the forum defendant rule. Indeed, this Court last year rejected the exact argument that Plaintiffs make here:

> In support of his Motion to Remand, Plaintiff relies on *Mallory*[], for the proposition that a corporation that registers to do business in a state consents to personal jurisdiction in that state. Plaintiff argues that because Defendant consented to personal jurisdiction in Pennsylvania, there is no diversity of citizenship. This argument incorrectly conflates personal jurisdiction with subject matter jurisdiction, and as such, has no bearing on this Court's diversity of citizenship analysis.

*Glover v. Speedway, LLC*, No. 23-2691, 2024 WL 343170, 2024 U.S. Dist. LEXIS 15740, *3-4 (E.D. Pa. Jan 30, 2024) (Scott, J.) (internal record citations omitted).[5]

Another discussion point shows the fallacy in Plaintiffs' position. *Mallory* was about consent to personal jurisdiction through corporate registration. *Mallory*, 143 S. Ct. at 2037; *see*

---

[5] The *Glover* court ultimately remanded the case, but on the separate grounds that the amount in controversy was less than $75,000.

*also id.* at 2048-49 (Alito, J., concurring in part and concurring in the judgment) (characterizing the plurality opinion as personal jurisdiction based on consent). Parties may never consent to subject matter jurisdiction if it does not exist. *See In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004) (Subject matter jurisdiction cannot be conferred by consent of the parties.") (internal quotation and quotation marks omitted). Thus, Redner's could not have consented to subject matter jurisdiction merely by registering to do business in Pennsylvania.

Plaintiffs reside at 7 Wilton Avenue, Wayne, New Jersey 07470, are domiciled in New Jersey, and are therefore citizens of New Jersey. *See* Exhibit "A" at ¶ ¶1-2. Redner's principal place of business is in Pennsylvania. Therefore, for the purposes of diversity jurisdiction, Redner's is a citizen of only one state: Pennsylvania, and Plaintiffs are citizens of New Jersey. Thus, complete diversity exists among the parties. Pennsylvania's ability to exercise personal jurisdiction over Redner's has no bearing on its citizenship for the purposes of diversity. Therefore, The Court should deny Plaintiff's Motion.

**V.     RELIEF REQUESTED**

This Court should deny Plaintiff's Motion to Remand.

Respectfully submitted,

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLC**

By:   **/s/ Alison C. Fleming_____**

|   |   |
|---|---|
| Dated: January 22, 2025 | ALISON C. FLEMING, ESQUIRE<br>PA ID #: 317857<br>ASHLEY N. STASAK, ESQUIRE<br>PA ID #: 333671<br>Fowler, Hirtzel, McNulty & Spaulding, LLC<br>4949 Liberty Lane, Suite 330<br>Allentown, PA 18106<br>P: 484-408-0480<br>E: afleming@fhmslaw.com<br>Attorneys for Defendant, Redner's Markets, Inc. and Redner's Quick Shoppe |

{W1866592.1}                                                15