THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LLOYD STALLARD, et al., <br><br> v. <br><br> REDNER'S MARKETS, INC., et al. | CIVIL ACTION <br><br> No. 24-6647 |

Henry, J. */CH*  July 3, 2025

### MEMORANDUM

    Lloyd Stallard was in a Redner's Quick Shoppe in Fleetwood, Pennsylvania when he suffered a very serious fall that, among other injuries, shattered his femur. Stallard and his wife sued the shop in state law negligence. The negligence count alleged in part that the defendants failed to adhere to standards under the Americans with Disability Act (ADA). Since the ADA is federal law, the defendants therefore removed the case to federal court, relying on federal question jurisdiction. After arriving in this Court, the plaintiffs amended their complaint by agreement to withdraw the reference to ADA standards. Before me is the Stallards' motion to remand the case to state court.

### I. BACKGROUND

    On November 13, 2024, Lloyd and Doreen Stallard sued Redner's Markets, Inc. and Redner's Quick Shoppe (hereinafter collectively "Redner's) in the Montgomery County Court of Common Pleas. ECF 1-2 (original complaint). In their complaint, the Stallards alleged that Lloyd Stallard was an invitee at the Redner's Quick Shoppe ("the store") in Fleetwood, Pennsylvania on July 8, 2024, when he fell due to a defective ramp and pedestrian walking surface. They alleged severe and permanent injuries, including a shattered left femur, torn right meniscus, and ruptured quadriceps tendon. These injuries, they alleged, required surgery on both legs, and seriously

1

bruised Lloyd's ability to attend to daily activities as well as his marital relationship. The complaint alleged that the Stallards are New Jersey residents, whereas the Redner's entities are Pennsylvania residents.

In his counts of negligence against Redner's (across two corporate defendants), Lloyd alleged that it had been negligent in "violation of the Americans with Disabilities Act with regard to accessible design standards." ECF 1-2 at 9 (Count I ¶ 18.g); *id*. at 10 (Count II ¶ 2.g). No other aspect of the complaint offered a question of federal law.

On December 12, 2024, Redner's noticed removal in this Court. ECF 1. It cited both the federal question implicit in the state law claim of negligence that based itself on ADA standards as well as diversity jurisdiction. On January 9, 2025, the Stallards made the present motion. In it, they indicated their intention to amend the complaint to remove the ADA claims. On January 22, 2025, Redner's filed a response in opposition to the present motion. On April 9, 2025, the Stallards filed a separate consent motion for leave to file an amended complaint, which I so-ordered the same day, and the Stallards filed their amended complaint on April 10, 2025. The amendment omitted any mention of the ADA or other federal law, but otherwise resembled the complaint that had been filed in state court. The Stallards also noted the present motion and re-urged that "[j]urisdiction is not proper in this Court." ECF 11 ¶ 6. On May 6, 2025, Redner's filed an answer to the amended complaint. ECF 11 ("FAC").

## II. LEGAL FRAMEWORK

Where a case is amenable to concurrent original jurisdiction in a federal trial court, the defendant generally may bring the case into federal court with a notice. 28 U.S.C. § 1446(a). If at any time before final judgment the court determines that it lacks subject matter jurisdiction, it must remand the case to the state court. *Id*. § 1447(c). If the Court has jurisdiction, it has a "virtually

unflagging obligation . . . to exercise the jurisdiction given" to it. *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 821 (1976). The Supreme Court has commanded that federal courts "should not sanction devices intended to prevent a removal to a Federal court where one has that right." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907). The removing party carries the burden of demonstrating that the federal court has jurisdiction throughout the entire litigation process. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In determining the merits of the motion to remand, and therefore the merits of the removal, I consider the facts disclosed in the record as a whole. *See Old Dominion Electric Cooperative v. PJM Interconnection, LLC*, 24 F.4th 271, 284 n.9 (4th Cir. 2022).

### III. DISCUSSION

I begin by considering whether the original complaint was properly removable based on its invocation of federal law in the ADA claim. I then proceed to consider whether the plaintiff's amendment to the complaint eliminating that reference can serve to alter the validity of the prior removal.

#### A. Jurisdiction, Removal, and the Forum Defendant Rule

This motion properly inquires into an issue related to jurisdiction, but it cannot seriously question whether this Court has jurisdiction. That is, the Stallards object to this Court's subject matter jurisdiction under 28 U.S.C. § 1331 as to whether the complaint's references to the ADA are sufficiently "substantial," but there is no serious question as to federal jurisdiction in general. Congress grants federal jurisdiction to diverse parties with a sufficient amount in controversy under 28 U.S.C. § 1332(a)(1). By their own allegations, Stallards are New Jersey citizens and Redner's is a (couple of) Pennsylvania corporation(s). FAC 1–2. The Stallards do not object that the amount in controversy is too small. One grant of jurisdiction is enough; the fact that this Court

3

might lack another grant, whether federal question under § 1331 or postal matters under 28 U.S.C. § 1339, does not negate the other. *See Lu Junhong v. Boeing Co.*, 792 F.3d 805, 818 (7th Cir. 2015) ("A law granting one sort of jurisdiction does not implicitly negate others."). This Court plainly has diversity jurisdiction.[1]

In general, where a defendant is sued in state court but there is also federal jurisdiction to hear the case, the defendant may notice its removal to federal court under 28 U.S.C. § 1441. The removal procedure comes with an exception, however: Under the Forum Defendant Rule, a suit "otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, notwithstanding the existence of federal jurisdiction, a Pennsylvanian defendant is procedurally barred from removing a case to federal court in Pennsylvania if federal jurisdiction derives from diversity jurisdiction alone. *See Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) (question of "irregularity in removal of a case to federal court" was "'jurisdictional' only if the case could not initially have been filed in federal court"). The validity of Redner's removal therefore depends on whether diversity was the sole source of federal jurisdiction.

---

[1] The Stallards cite *Law v. SEPTA*, 2001 WL 694559, 2001 U.S. Dist. LEXIS 8006, No. 01-1993 (E.D. Pa. June 18, 2001) to support their claim that jurisdiction is improper. In *Law*, the parties were not diverse, and there was no source of federal jurisdiction other than the federal question. *Id.* & n.3. The court granted discretionary remand, declining to exercise *supplemental* jurisdiction after the federal count was dismissed. *Id.* Incidentally, about a week after the Stallards' motion, the merely discretionary remand from *Law* was no longer law. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 44 (2025) (post-removal deletion of federal claims that therefore deprives court of federal question jurisdiction dissolves supplemental jurisdiction as well).

### B. Federal Question Substantiality

The only alternative source for jurisdiction in this case comes under the general "federal question" jurisdiction granted under 28 U.S.C. § 1331 for "all civil actions arising under the Constitution, laws, or treaties of the United States." Redner's argued in its notice that, for a claim to arise under federal law for § 1331, "[i]t is enough if a federal statute must be construed and applied." ECF 1 ¶ 12 (citing *Westmoreland Hospital Association v. Blue Cross of Western Pennsylvania*, 605 F.2d 119, 122 (3d Cir. 1979)).[2] Redner's additionally argues that the Stallards' prayer for attorneys' fees, which are available for suits under the ADA but not suits for negligence, indicates their reliance on the ADA. ECF 8-2 at 8 (ECF page 5). The Stallards respond, in essence, that the references to the ADA are peripheral, citing their own attempts to withdraw them by stipulation. ECF 5 at 8. Notably, after the motion was filed, the parties did ultimately enter a stipulation permitting the Stallards to file an amended complaint that withdrew all reference to the ADA. *Compare* ECF 1-2 (original complaint) 8–11 *with* FAC ¶¶ 18–21.

The Supreme Court in *Grable & Sons Metal Products v. Darue Engineering & Manufacturing* held that claims under state law may raise issues "arising under" federal law and therefore invoking federal question jurisdiction. 545 U.S. 308, 314 (2005). "[T]he question" to consider is, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* In *Grable*, that led the Court to find federal jurisdiction where a question of federal tax law was an "essential element" of the claim, itself "an important issue of federal law that sensibly belongs in a federal court." *Id.* at 315. In *Empire*

---

[2] In its response brief, Redner's cites the relevant Supreme Court authority, *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

*Healthchoice Assurance, Inc. v. McVeigh* the following year, however, the Court held that there was no claim "arising under" federal law in part because the only question in that healthcare reimbursement claim was "fact-bound and situation-specific." 547 U.S. 677, 700–01 (2006). Similarly, in *Gunn v. Minton*, the Supreme Court considered a case against an attorney for alleged malpractice in a patent case. 568 U.S. 251, 255 (2013). Patent cases generally not only "arise under" but *require* federal jurisdiction. 28 U.S.C. § 1338(a) (exclusive federal jurisdiction). The patent issue was a federal question that was both "necessary" and "actually disputed" under *Grable*, but the Supreme Court held it was still not "substantial" because it carried "no such significance" to construing federal law going forward. 568 U.S. at 261. The Court noted that while federal courts do have greater familiarity with patent law, that was "not, by itself, enough to trigger" federal jurisdiction. *Id.* at 263.

Despite its reference to the Americans with Disabilities Act, the original complaint does not raise a "substantial" issue of federal law sufficient to invoke federal question jurisdiction under *Grable*, *Empire Healthcare,* and *Gunn*. The question of the ramp's suitability under the ADA would be precisely the kind of "fact-bound and situation-specific" question that the Supreme Court has held insufficient. *Empire Healthcare*, 547 U.S. at 700–01;[3] *see Boyle v. Singer*, No. CIV.A. 15-1447, 2015 WL 1954280, at *3 (E.D. Pa. May 1, 2015) (granting remand in part because putative implicit ADA claim by business invitee slip-and-fall plaintiff was insubstantial federal question). Even the question of whether the ADA claim could have survived is uncertain, as the ADA did not provide a cause of action, and incorporating its standards would likely be irrelevant and "both

---

[3] Because lack of substantiality is reason enough to remand, I need not reach the question of whether an amendment post-removal (and during the pendency of this motion) could affect the outcome of this motion, or whether the defendants' permission for amendment itself could have an effect.

6

confusing and prejudicial." *Levin v. Dollar Tree Stores, Inc.*, No. CIV.A.06-00605, 2006 WL 3538964, at *3 (E.D. Pa. Dec. 6, 2006).

Because its only source of federal jurisdiction was therefore under § 1332 diversity, Redner's was therefore barred from removal in the first place by the Forum Defendant Rule. 28 U.S.C. § 1441(b)(2). *See supra* § III.A; *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1215 (3d Cir. 1991) (remedy for defective removal procedure is remand).

## IV. **CONCLUSION**

The reference to federal law, absent in the amended complaint, was even in the original complaint insufficiently "substantial" to invoke federal question jurisdiction. I therefore hold that removal was barred by 28 U.S.C. § 1441(b)(2) for lack of non-diversity jurisdiction. I grant the plaintiffs' motion and remand the case to the Montgomery County Court of Common Pleas.